UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ATG ASSURANCE COMPANY )
LIMITED, )
 )
        Plaintiff, )
 )
   vs. ) No. 4:02-CV-0252 CEJ
 )
COLUMBIA CASUALTY COMPANY )
d/b/a CNA HEALTHPRO, )
 )
        Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to strike punitive damages. Plaintiff has filed a response to defendant's motion, and the issues have been fully briefed.

Plaintiff, ATG Assurance Company Limited ("ATG"), brings this action alleging that defendant, Columbia Casualty Company ("Columbia") breached a contract with plaintiff by refusing to renew a reinsurance policy at a guaranteed renewal rate.

### I. Background

ATG alleges in its complaint that defendant Columbia contracted with it, on September 21, 1998, to provide reinsurance for ATG and its sole shareholder, BJC Health System ("BJC"). The reinsurance policy was in effect from October 1, 1998 to October 1, 1999 and October 1, 1999 to October 1, 2000. ATG alleges that Columbia guaranteed that the policy premium would not change for the two years following 1998, subject to certain specified conditions. However, Columbia allegedly refused to honor this guarantee for the policy year October 1, 2000 to October 1, 2001,

even though ATG met all of the conditions to obtain the guaranteed rate. ATG claims that, as a result, it was required to obtain a policy of reinsurance from another insurer at a substantially higher premium.

**III. Discussion**

Under Federal Rule of Civil Procedure 12(f), a court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Motions to strike are not favored, but lie within the discretion of the court. Johnson v. Metropolitan Sewer District, 926 F.Supp. 874, 875 (E.D. Mo. 1996). Generally, well-pleaded facts are accepted as true for a motion to strike, and matters outside the pleadings will not be considered in support of the motion. Id. A prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike. Johnson v. Metropolitan Sewer District, 926 F.Supp. 874, 875 (E.D. Mo. 1996). The general rule is that punitive damages may not be recovered in breach of contract actions. Courts have carved two exceptions to this rule. First, when the breaching party's conduct amounts to a separate, independent tort apart from an intentional breach of the contract. Second, when the breach of contract is coupled with violations of a fiduciary duty. Peterson v. Continental Boiler Works, Inc., 783 S.W.2d 896, 902-03 (Mo. 1990).

In this case, plaintiff argues that its First Amended Complaint alleges an independent and willful tort of intentional fraudulent misrepresentation based on defendant's alleged act of knowingly falsifying actuarial data. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Under Rule 9(b), "circumstances" includes "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby . . . [C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Schaller Telephone Company v. Golden Sky Systems, Inc., 298 F.3d 736, 746 (8th Cir. 2002) quoting Commercial Property Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995). "Particularity" means "the who, what, when, where and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627-628 (7th Cir. 1990).

Plaintiff has not alleged elements of intentional fraudulent misrepresentation with the required specificity. Plaintiff alleges that defendant deleted the average of actual reported losses to hide its use of incorrect numbers in its first actuarial analysis. Thus, plaintiff alleges that the second actuarial analysis was false and plaintiff detrimentally relied upon the results. However, plaintiff has not pleaded any specific facts to show how this was a fraudulent act. Plaintiff simply states that defendant

-3-

used expected reported losses rather than the actual reported losses in its calculations. The complaint does not support allegations that the act was outrageous and willful. Therefore, plaintiff has not pleaded an independent tort to qualify for the exception. The request for punitive damages will be stricken.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike punitive damages [#47] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 15th day of August, 2005.